Filed 11/3/21  P. v. Rivas CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CONNIE LOUISE RIVAS,<br><br>Defendant and Appellant. | F080379<br><br>(Fresno Super. Ct. No. F17903730)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Adolfo M. Corona, Judge.

Linda J. Zachritz, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Detjen, J. and Franson, J.

## INTRODUCTION

Appellant and defendant Connie Louise Rivas has appealed from the superior court's finding that she was not competent to stand trial. On appeal, her appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 27, 2017, a complaint was filed in the Superior Court of Fresno County charging defendant and Robert Rodriguez with count 1, felony receiving stolen property, a motor vehicle (Pen. Code, §496d, subd. (a));[1] and count 3, misdemeanor receiving stolen property (§ 496, subd. (a)). Codefendant Rodriguez was separately charged with count 2, carrying a concealed dirk or dagger (§ 21310).

On June 28, 2017, defendant pleaded not guilty.

Thereafter, defendant was on pretrial release, failed to appear, and was remanded on bench warrants, and released again, throughout 2017, 2018, and 2019.

**Competency proceedings**

On June 20, 2019, the court convened a hearing on the instant case and defendant's six other pending criminal cases. Based on an advisement from defense counsel, the court declared a doubt as to defendant's competency, suspended criminal proceedings pursuant to section 1368, and appointed an expert examine defendant.

On August 5, 2019, the court reviewed the expert's report and found defendant was not competent and referred the matter to forensic mental health for a recommendation on appropriate services.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

On September 5, 2019, the court ordered criminal proceedings to remain suspended, and further ordered defendant committed and transported to the Department of State Hospitals for restoration to competency treatment at a locked facility.

On November 20, 2019, defendant filed a notice of appeal.

## **DISCUSSION**

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on May 5, 2020, sent to defendant at Patton State Hospital, we invited her to submit additional briefing. On May 19, 2020, the letter was returned as undeliverable and unable to be forwarded.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.